IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Antonio Thomas Goode, | ) | Civil Action No. 4:12-2326-TLW |
| | ) | Cr. No. 4:08-1253 |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Antonio Thomas Goode, (hereinafter "Petitioner" or "Defendant"). On December 16, 2008, a federal grand jury indicted Defendant in a two count indictment charging him in Count 1 with conspiracy to possess with intent to distribute of 500 grams or more of cocaine and 5 grams or more of crack, and in Count 2 with attempt to possess with intent to distribute 500 grams or more of cocaine, all in violation of 21 U.S.C. § 846. (Doc. # 2). On August 6, 2009, Defendant pled guilty to Count 2 of the Indictment. (Docs. # 50 & # 51). His Presentence Investigation Report ("PSI") designated him as a career offender based on several felony convictions: 1) two counts of assault with a deadly weapon with intent to kill inflicting serious injury; 2) possession with intent to distribute crack, and possession with intent to distribute crack within proximity of a school; and 3) trafficking in cocaine, and possession with intent to sell and deliver cocaine. (PSI, paragraphs 24, 26, 29). The PSI calculated his guideline range as 188 to 235 months imprisonment. (PSI, paragraph 79). On January 27, 2010, Defendant was sentenced to 235 months imprisonment, to be followed by 4 years of supervised release. (Doc. # 59, 63). The Judgment was entered on February 16, 2010. (Doc. # 63). Defendant

1

did not appeal his conviction or sentence.

On August 13, 2012, (over two years after his conviction became final), Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. (Doc. # 81). On August 23, 2012, the Government filed a motion to dismiss the petition. (Doc. # 85).[1] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed August 24, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 86). Petitioner filed a response on September 14, 2012. (Doc. # 90). The matter is now ripe for decision.

### 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more

---

[1] An affidavit by defense counsel was filed on September 7, 2012, which is irrelevant to the Court's analysis as to the timeliness of the petition. (Doc. # 88).

limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved to dismiss Petitioner's motion. (Doc. # 85). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See

3

also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## **DISCUSSION**

Petitioner asserts two grounds for relief in his Petition which are set forth verbatim as follows:

1. Actually Innocet [sic] of Title 21, United State Code Sections 841(a)(1) and 846. Petitioner prior South Carolina convictions are no longer applicable predicates for purposes of 841(a)(1) and 846 because of Simmons v. United States 649 F.3d (4th Cir. 2011) determined that South Carolina prior conviction less than one year Imprisonment are not felony convictions for federal purposes. None of Petitioners prior South Carolina convictions relied upon by the government at the time of Indictment qualified for 841(a)(1) purposes because Petitioner never received more than one year for the convictions the government relied upon to determine Petitioners was a felon in violation of Title 21 Section 841(a)(a) and 846. Therefor Petitioner is actually innocent of a felon, violation of 841(a)(1) and 846 in violation of Petitioners right to fundamental fairness and would cause him to receive a miscarriage of justice if this Court fails to recognize the above.

2. Ineffective Assistance of counsel. Counsel failed to argue for departure to U.S.S.G. 5G1.3 at sentencing and appeal. 5G1(a) barring of departure, Petitioner argues that his state and federal must be concurrent because the state conduct was taken into account in calculating the Federal offense level. The Court failed to taylor a sentence for 3553 purposes Petitioner basically is repeating previously served time. Petitioner state convictions that he was serving time for was calculated as "relevant conduct" 1B1.3 but made relevant conduct connsequtive [sic]. This is not considered to be a departure 5G1.3 application not 2 describes how the Court may reduce a sentence by the amount of months the BOP would not otherwise credit if that conduct was considered in the offenses was not considered.

The Government has asked that Petitioner's petition be dismissed as time barred.

The Court will initially address the timeliness of Petitioner's Petition.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28

4

U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1)   the date on which the judgment of conviction becomes final;
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

After careful review and consideration, the Court concludes that Petitioner's petition is untimely under 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final over 2 years and 5 months before he filed the current § 2255 Motion. Again, Petitioner was sentenced on January 27, 2010, and the Judgement was entered on February 16, 2010. Under Fed. R. App. P. 4(b)(1)(A), Petitioner had 14 days after the entry of the judgement to file a direct appeal. However, Petitioner did not file an appeal. When a defendant does not file a direct appeal, the judgment of conviction becomes final when the time for filing an appeal expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006)(unpublished opinion); Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008). Accordingly, pursuant to the rules for computation of time found in Fed. R. Crim. P. 45(a), the judgement of conviction in Petitioner's case became final on or about March 2, 2010, which is also the date the one year limitations period began to run. Thus, under § 2255(f), Petitioner had one year, specifically until March 2, 2011, in which to file his § 2255 Motion. However, Petitioner did not file his § 2255 Motion until August 8, 2012, at the earliest (the date he placed his Motion in the prison mailing system), over 2 years and 5 months after his judgement of conviction became final and 17 months after the statute of limitations passed for filing his habeas petition. Accordingly, the

5

Court is constrained to conclude that Petitioner's application is untimely pursuant to 28 U.S.C. § 2255(f)(1).

The Court does not find that either of the potential triggering dates set forth in Section 2255(f)(2) and 2255(f)(4) apply to this case. Petitioner does not even allege, much less establish, any newly discovered facts which would affect the starting date of the limitation period. Neither does he allege any unconstitutional or illegal action by the Government which prevented him from making his § 2255 Motion.

Petitioner attempts to rely upon the Fourth Circuit case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), both for its substantive holding and as a basis to justify the lateness of his petition. Petitioner appears to contend that his motion is timely under 28 U.S.C. § 2255(f)(3) because it provides a one year statute of limitations for newly recognized rights by the United States Supreme Court. However, Section 2255(f)(3) does not alleviate Petitioner's timeliness issue because Petitioner filed his motion more than one year after the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).[2] Although Petitioner cites to the Fourth Circuit case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc), the Fourth Circuit's decision merely applied the rule announced in Carachuri-Rosendo from 2010. Instead the relevant case to look at for purposes of the statute of limitations would be the Supreme Court case of Carachuri-Rosendo. The Supreme Court issued its decision in Carachuri-Rosendo on June 14, 2010. Thus, because Petitioner did not file the current motion until August 8, 2012, the one year time period provided for in 2255(f)(3) had expired. Additionally, the Court notes that the Carachuri-Rosendo

---

[2]To the extent the Fourth Circuit in Simmons relied on United States v. Rodriguez, 553 U.S. 377 (2008), the same analysis the Court has outlined with respect to Carachuri-Rosendo also applies.

decision has not been made retroactively applicable to cases on collateral attack. See 28 U.S.C. § 2255(f)(3). In fact, the Fourth Circuit has specifically addressed the retroactivity of Carachuri-Rosendo in its recent decision of United States Powell where the Court held as follows:

> Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.

United States v. Powell, 691 F.3d 554, 2012 WL 3553630 (4th Cir. 2012).

After careful review and consideration, this Court concludes that Petitioner's motion should be dismissed as untimely under Section 2255(f) and the relevant case law.[3]

Furthermore, Petitioner has made no showing that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness. See Harris v. Hutchinson, 209 F.3d 325, 330-331 (4th Cir. 2000). Petitioner has not alleged that the Government engaged in any wrongful conduct that precluded him from filing his § 2255 Motion, nor that any "extraordinary circumstances" beyond his control prevented him from filing his motion within the statute of limitations. Harris, 209 F.3d at 330.

Accordingly, because Petitioner's § 2255 Motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable, his Motion is untimely and is **DISMISSED**.

Even if this Court were to find Petitioner's motion to be timely, it would still be subject to dismissal. Petitioner's primary issue for vacating his sentence is that under the Simmons decision,

---

[3]Regarding his ineffective assistance of counsel claim in Ground Two, Petitioner does not allege any newly recognized right to be applied retroactively which would save that claim under Section 2255(f)(3).

7

the career offender criminal designation no longer applies to him. In <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011)(en banc), the Fourth Circuit held that when assessing whether prior North Carolina convictions constitute predicate offenses courts must look only to the statutory minimum and maximum sentence found by the North Carolina state court for the particular defendant. The <u>Simmons</u> decision expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005). One of Petitioner's prior convictions is from South Carolina so <u>United States v. Simmons</u> does not apply to that particular conviction.  Additionally, the Court notes that at least one of Petitioner's career offender predicate convictions out of North Carolina would still clearly qualify under U.S.S.G. Section 4B1.2 because he was actually sentenced to more than one year of imprisonment.  Thus regardless of the applicability of <u>Simmons</u>, the Court finds that Petitioner was properly classified as a career offender.

Regarding Ground Two, Petitioner claim of ineffective assistance is based on defense counsel's failure to argue for a departure or adjustment of his sentence pursuant to U.S.S.G. § 5G1.3, which applies to defendants who are "subject to an undischarged term of imprisonment."  As an initial matter, the Court notes that the Petitioner was not subject to an undischarged term of imprisonment when he pled guilty or when he was sentenced, and thus, § 5G1.3. is inapplicable to his case.  Additionally, in order to prevail on a claim of ineffective assistance of counsel, a defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984).   A defendant asserting an ineffective assistance of counsel claim must satisfy both prongs, and a failure of proof on either prong ends the matter.  <u>U.S. v. Roane</u>,  378 F.3d 382, 404 (4th Cir. 2004) (citing <u>Williams v. Kelly</u>,

816 F.2d 939, 946-47 (4th Cir.1987)).  This Court has carefully considered Petitioner's ground for relief.  This Court is not sufficiently persuaded that Petitioner has satisfied either prong in relation to any of his asserted grounds for relief.  Although, Petitioner has made an assertion that counsel failed to do something that Petitioner feels he should have done, but he has not shown that counsel's performance fell below an objective standard of reasonableness, much less that any deficiency in counsel's representation resulted in prejudice to Petitioner.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 81) and the Government's motion to dismiss is **GRANTED** (Doc. # 85). This action is hereby **DISMISSED** as untimely.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
August 2, 2013                                                                   Chief United States District Judge
Florence, SC